IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12mc3591-MHT |
| ) | |
| MCINNIS CONSTRUCTION LLC, ) | |
| MONTGOMERY, AL, ) | |
| ) | |
| Garnishee, ) | |
| ) | |
| BENJAMIN KIMBROUGH, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**Background**

In U.S. v. Benjamin Kimbrough, Criminal Action No. 2:97CR81-003 (M.D. Ala.), the court imposed a sentence on August 28, 1997, which included a sentence to restitution in the amount of $4,323,57 and a term of supervised release. (See Crim. No. 2:97cv81, Doc. # 98). In June 2006, Kimbrough's probation officer filed a petition seeking revocation of Kimbrough's term of supervised release citing, *inter alia*, defendant's failure to continue making required monthly restitution payments. (Id., Doc. # 154). The court entered judgment on the revocation petition on June 20, 2006, sentencing Kimbrough to imprisonment for a term of six months. (Id. Doc. # 163). On February 8, 2012, the United States filed an application for a writ of garnishment, seeking to garnish defendant's wages to recover the balance remaining due on his sentence to restitution. (Doc. # 1). The court issued the

requested writ and, on February 13, 2012, the U.S. Marshal served the writ on Kimbrough's employer, McInnis Construction, LLC, and a notice of the writ on Kimbrough.

This action is presently before the court on defendant Kimbrough's claim of exemption from the writ of garnishment. In a written claim filed on February 23, 2011, defendant asserted an exemption from garnishment "due to the fact of undelivered mail and I was lead [sic] to believe when I return back to prison that all my debt would be cleared." (Doc. # 6).  Upon consideration of Kimbrough's claim of exemption and the evidence of record, the court concludes that Kimbrough's claim is due to be denied.

**Proceedings**

On March 5, 2012, pursuant to defendant Kimbrough's request (Doc. # 6), the court held a hearing to consider Kimbrough's claim of exemption.  Defendant did not appear at the hearing or request a continuance.  The day following the hearing, the Clerk advised the court that the orders sent to plaintiff's address of record had been returned by the U.S. Postal Service with the notation, "Return to Sender, Not Deliverable as Addressed, Unable to Forward."  (See Clerk's docket entry entered on March 6, 2012, following Doc. # 10). Accordingly, the court entered an order setting a second hearing for March 20, 2012, and directed the Clerk to provide the order to Kimbrough at the address at which he was served with the application for writ of garnishment.  (Doc. # 12).  Kimbrough appeared and was heard at the March 20, 2012, hearing.  (See Doc. # 12).  He indicated that he believed that his attorney and the attorneys representing the government in the revocation proceedings had

2

reached an agreement that Kimbrough's obligation to make restitution would cease when the court revoked his term of supervised release. The government sought leave to introduce additional evidence after the hearing to address plaintiff's claim of an agreement abating his obligation to pay restitution. The court advised Kimbrough that it would allow the government to file additional evidence and would enter an order allowing Kimbrough an opportunity to respond. The court cautioned Kimbrough that, if he failed to file a response, the court would assume that Kimbrough no longer wished to pursue his claim of exemption.

The government filed additional evidence on March 30, 2012. (Doc. ## 13, 14). By order entered April 2, 2012, the court allowed plaintiff until close of business on April 11, 2012 to file additional evidence or argument and cautioned him that, if he failed to do so, his claim of exemption may be dismissed with prejudice. (Doc. # 15). Plaintiff did not respond to the government's supplemental response to his claim, and he filed no additional evidence.

## Discussion

At the hearing, defendant did not identify any undelivered mail that had been withheld from him pursuant to the writ of garnishment, such that he would be entitled to exemption from enforcement of the criminal judgment under 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(5) by execution of the writ of garnishment on his employer. Thus, Kimbrough has not established that he is entitled to exemption from the writ of garnishment on the basis of "undelivered mail."

In addition, the evidence of record in this case and the record of the revocation

proceedings fail to demonstrate the existence of any agreement that, upon revocation of his supervised release, Kimbrough would be relieved of his restitution obligations. The judgment revoking Kimbrough's supervised release does not amend his sentence to relieve him of the obligation to continue making restitution payments. (Crim. No. 2:97CR81, Doc. # 163). Further, the government has filed the declaration of Kevin Butler, the attorney who represented Kimbrough in the revocation proceedings, which indicates that – while Kimbrough may have misunderstood something Butler said – Butler "did not tell him that the revocation of his supervised release would relieve him of his obligation to fulfill the order of restitution rendered in the underlying criminal matter." Butler further states that he has "never entered into any agreement with any representative of the United States Department of Justice whereby [his] client would be relieved of a judicially imposed order of restitution in exchange for a plea of guilty and subsequent revocation of a term of supervised release." (Butler declaration, Doc. # 13-2). Accordingly, the court concludes that Kimbrough has failed to establish that the restitution debt the United States seeks to recover through garnishment was set aside when the court revoked Kimbrough's term of supervised release.

    Defendant Kimbrough bears the burden of establishing his entitlement to an exemption from garnishment. See 28 U.S.C. § 3205(c)(5); U.S. v. Golden, 2010 WL 5141706, *2 (W.D. Okla. Dec. 13, 2010)("Where a party claims an exemption to garnishment, he has the burden of establishing the exemption applies.")(citation omitted); U.S. v. Johnson, 2009 WL 1033773, * 4 (E.D. La. 2009)("Johnson, as the party seeking to

4

quash the garnishment order, bears the burden to show that an exemption to garnishment applies")(citations omitted). Kimbrough has failed to carry his burden, and his claim of exemption is due to be denied.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant Kimbrough's claim of exemption (Doc. # 6) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before April 27, 2012.  Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  See  United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of April, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE